Peter H. Barlow, #7808
Matthew A. Jones #15792
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, Utah 84070
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
pbarlow@strongandhanni.com
mjones@strongandhanni.com

*Attorneys for Plaintiff Auto-Owners Insurance Company*

IN THE UNITED STATES DISCTRICT COURT, STATE OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHREE UMA, LLC., dba STALLION DISTRIBUTION, LLC, GANGAISHWAR, INC. dba 7-ELEVEN STORE 318147B,<br><br>Defendants. | **AUTO-OWNERS INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Case No. 2:21-cv-00602-HCN<br><br>Judge: Howard C. Nielson |

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") hereby complains and alleges against Defendants Shree Uma, LLC, dba Stallion Distribution, LLC (Stallion") and Gangaishwar, Inc. dba 7-Eleven Store 318147B ("7-Eleven"), as follows:

## PARTIES

1. Auto-Owners is a duly authorized insurance company incorporated under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan, and doing business in the state of Utah.

2. Defendant Shree Uma, LLC dba Stallion Distribution, LLC, is a Utah corporation with its principal place of business at either 2319 S. Foothill Dr. Ste. 220 Salt Lake City, UT 84109 or 1111 Brickyard Road, #101, Salt Lake City, UT 84106.

3. Defendant 7-Eleven is a Utah corporation with its principal place of business at 501 East 2100 South, Salt Lake City, UT 84106.

## JURISDICTION AND VENUE

4. This declaratory judgment action finds its genesis in a complaint filed by James and Rebecca Hardcastle against various defendants including defendant 7-Eleven, who in turn filed a third-party complaint against Stallion. The Hardcastles allege that their damages exceed $300,000 and 7-Eleven's Third-Party Complaint alleges that Stallion is entirely responsible for the Hardcastles' damages.

5. This Court has diversity jurisdiction over this controversy under 28 USC § 1332(a) in that the dispute is between citizens of different states, the damages exceed $300,000 and therefore, the amount in controversy exceeds the jurisdictional limits of $75,000.

6. Venue is proper in the United States District Court for the Central District of Utah, pursuant to 28 U.S.C. § 1391(a), (b), because a substantial part of the events or omissions giving

rise to this coverage dispute occurred in Salt Lake City, Utah, where the underlying litigation was filed.

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

8. This declaratory judgment action arises from a lawsuit filed by the Hardcastles and a third-party complaint filed in that action by 7-Eleven against Stallion.

9. The Hardcastles alleged that on April 24, 2018, James Hardcastle purchased a battery for use with an e-cigarette.

10. The battery was marketed and sold as IMR 26650 purple 3.7 V 4200MAH rebranded "Imrem" through 7-Eleven.

11. On May 24, 2018, James Hardcastle placed the battery in his pants pocket.

12. With his battery in his front pants pocket, James Hardcastle went to hug his wife from behind. While he was putting his arms around her, the battery exploded causing James Hardcastle's pants to ignite and allege that he was severely burned around his groin and legs.

13. The Hardcastles filed their complaint in the Third Judicial District Court, Salt Lake County, State of Utah, case number 200901527 on February 21, 2020. (Hardcastle Complaint, attached as Exhibit 1.)

14. The Hardcastles filed subsequent amended complaints and in their most recent complaint (Second Amended Complaint) named various defendants in the action including Samsung SDI Co., Ltd., Samsung SDI America, Inc., IMR Electronics, LLC., 7-Eleven, Inc.,

Gangaishwar, Inc., dba 7-Eleven Store #18147 B, and Shenzhen IMR Technology Co. Ltd. (Second Amended Complaint, attached as Exhibit 2.)

15. The Hardcastles asserted causes of action for strict liability, negligence, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and loss of consortium against the various defendants. (Ex. 2.)

16. Stallion was brought into in the Hardcastle lawsuit when 7-Eleven filed its third-party complaint against Stallion on about June 29, 2020. (7-Eleven's Third Party Complaint, attached as Exhibit 3.)

17. Auto-Owners insured Stallion under a Tailored Protection insurance policy, policy number 174643-57541148-17, with a policy term of 12-8-2017 to 12-8-2018. (Policy, attached as Exhibit 4.)

18. Auto-Owners has investigated the allegations made by the Hardcastles and 7-Eleven and appointed experienced and competent defense counsel to defend and represent Stallion in the action filed by the Hardcastles and the third-party complaint filed by 7-Eleven.

19. Auto-Owners determined that there is no coverage for Stallion against the allegations of the Hardcastles' Complaint and 7-Eleven's Third-Party Complaint.

**A. The Policy:**

20. Auto-Owners issued a Tailored Protection insurance policy to Shree Uma, LLC, dba Stallion Distribution, LLC. in the form of Policy No. 174643-57541148-17, with coverage effective dates of December 8, 2017 to December 8, 2018 (the "Policy"). (*See* Ex. 4.)

21. The Policy's named insured is Shree Uma, LLC dba Stallion Distribution, LLC. (Ex. 4.)

22. In the Commercial General Liability Coverage section of the lawsuit, the policy's declarations page shows that there is "No Coverage" for Products/Completed Operations. The Declarations page also states that Product/Completed Operations are "Excluded." (Ex. 4, p. 13 of 152.)

23. The Declarations page applicable to the Commercial General Liability Coverage also indicates that form CG2104 (11-85) applied to the Commercial General Liability coverage for the Policy. (Id.)

24. Form CG2104 of the Policy provides as follows:

> This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard."

(Ex. 4, p. 144 of 152.)

25. The Products-Completed Operations Hazard Amendatory endorsement (Form 55637) within the Policy (Ex. 4) provides as follows:

> 17. "Products-completed operations hazard":
>    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>    (1) Products that are still in your physical possession:
>    or
>    (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>       (a) When all of the work called for in your contract has been completed.
>       (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

>> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
> b. Does not include "bodily injury" or "property damage" arising out of:
>   (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or
>   (2) The existence of tools, uninstalled equipment or abandoned or unused materials.
> All other policy terms and conditions apply.

(Ex. 4.)

26. Within the Policy, the term "your product" is defined as follows:

> 26. "Your product":
>   a. Means:
>     (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>       (a) You:
>       (b) Others trading under your name: or
>       (c) A person or organization whose business or assets you have acquired; and
>     (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>   b. includes:
>     (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product": and
>     (2) The providing of or failure to provide warnings or instructions.
>   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

(Ex. 4, Policy, Form 55300, Section V.)

27. Under the terms of the policy, Auto-Owners does not provide liability coverage for Stallion for injuries or damages caused by Stallion's completed products.

28. The Policy's Insuring Agreement provides as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" <u>to which this insurance applies</u>. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:
> (1) The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

(Ex. 4, Policy, Form 55300, emphasis added.)

29. The claim relating to 7-Eleven's third-party complaint against Stallion was reported to Auto-Owners on July 16, 2020.

30. Auto-Owners sent Stallion a reservation of rights letter alerting Stallion to the fact that the Policy does not cover liability claims arising from their completed products.

## FIRST CLAIM FOR DECLARATORY RELIEF

**(No Coverage Under the Policy For Stallion's Completed Products)**

31. Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

32. An actual dispute and controversy have arisen between Plaintiff and Defendants Stallion and 7-Eleven regarding Auto-Owners' position that the insurance policy does not provide liability coverage for claims arising out of liability for Stallion's completed products.

33. Under Utah law, insurance policy language is construed pursuant to its ordinary meaning. The Utah Supreme Court has consistently rejected all forms of the reasonable expectations doctrine. *See S.W. Energy Corp. v. Continental Ins. Co.*, 974 P.2d 1239, 1242 (Utah 1999); *Alf v. State Farm Fire & Cas. Co.,* 850 P.2d 1272, 1274 (Utah 1993); *Nielsen v. O'Reilly*, 848 P.2d 664, 665 (Utah 1992); *Allen v. Prudential Property & Casualty Insurance Co.*, 839 P.2d 798, 805-07 (Utah 1992); *AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924, 927 (Utah 1993).

34. Because James and Rebecca Hardcastle and/or 7-Eleven allege bodily injury and damages arising out of Stallion's completed products, those damages are not covered by the Auto-Owners Policy.

35. The Court should issue a declaratory judgment indicating that the Policy does not provide coverage for Stallion for damages arising out of Stallion's completed products.

**PRAYER FOR RELIEF AND DAMAGES**

WHEREFORE, Plaintiff Auto-Owners Insurance Company prays for the following relief:

1. For a declaration that:

    a. There is no coverage under the Policy for Stallion for any claims, causes of action, or bodily injury alleged by the Hardcastles or 7-Eleven.

   b. As coverage is precluded for any claims by the Hardcastles or 7-Eleven that arise out of Stallion's completed products, Auto-Owners has no obligation to defend or indemnify Stallion or pay any settlement agreed to, or judgment awarded to, either the Hardcastles or 7-Eleven for claims arising out of Stallion's completed products.

   c. For other related declarations necessary to effectuate the terms of the insurance policy.

  2. For costs incurred herein; and

  3. For such other and further relief as the Court deems just and proper.

DATED this 13th day of October, 2021.

            **STRONG & HANNI**

            */s/ Peter H. Barlow*
            Peter H. Barlow
            Matthew A. Jones
            *Attorneys for Plaintiff Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2021, a true and correct copy of the foregoing document was filed with the Court via CM/ECF Filing and served by the method indicated below, to the following:

| | |
|---|---|
| Matthew L. Lalli<br>Paul W. Shakespear<br>SNELL & WILMER, L.L.P.<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101<br>mlalli@swlaw.com<br>pshakespear@swlaw.com<br>jharmon@swlaw.com<br>*Attorneys for Defendant Gangaishwar, Inc.*<br>*dba 7-Eleven Store 318147B* | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(X) Email<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) CM/ECF Filing |
| Stallion Distribution, LLC<br>c/o Bhavan Patel<br>2319 S. Foothill Drive, Suite 220<br>Salt Lake City, UT 84109 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Email<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) CM/ECF Filing |

                                               */s Mary Minter*